UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| COREY HARRIS, | |
| Plaintiff, | Case No. 17-12205 |
| v. | SENIOR UNITED STATES DISTRICT JUDGE ARTHUR J. TARNOW |
| AMERICAN MODERN INSURANCE GROUP, INC., | MAGISTRATE JUDGE ANTHONY P. PATTI |
| Defendant. | |

_____/

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [2]; DISMISSING CASE WITHOUT PREJUDICE**

Plaintiff Corey Harris filed a *pro se* Complaint [1] and an Application to Proceed *In Forma Pauperis* [2] on July 5, 2017. The Court may authorize the commencement of a suit "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . [indicating] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Plaintiff has submitted an affidavit showing sufficient indicia

Page **1** of **4**

of poverty. The Court will therefore grant Plaintiff's Application to Proceed *In Forma Pauperis* [2].

Although the Court is obligated to read *pro se* complaints indulgently and accept Plaintiff's allegations as true unless they are clearly irrational or incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), the Court is also required to dismiss a complaint filed *in forma pauperis* if it "fails to state a claim upon which relief can be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The United States Court of Appeals for the Sixth Circuit has explained:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)..... The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore*, 114 F.3d at 608.

To determine whether Plaintiff has failed to state a claim upon which relief may be granted, the Court must accept as true "well-pleaded facts" set forth in the complaint. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Legal conclusions can provide the framework of a complaint, but they must be supported by sufficient factual matter to state a claim to relief that is plausible on

its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Plaintiff alleges that Defendant American Modern Insurance Group, Inc. inaccurately reported information in Plaintiff's credit report to Experian, Equifax and Transunion, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Plaintiff asserts that he was denied "coverage" as a result of this alleged false reporting. The Court accepts these factual allegations as true. *Morgan*, 829 F.2d at 12. However, Plaintiff's complaint lacks necessary context and detail. The Court cannot discern who denied coverage to Plaintiff, or what type of coverage Plaintiff sought to justify the claim of $305,000 in damages. The type and extent of the relationship between Plaintiff and Defendant is also unclear.

In short, the complaint contains insufficient factual matter to enable the Court to ascertain a plausible claim to relief, and therefore, Plaintiff fails to state a claim upon which relief may be granted. *Hill*, 630 F.3d at 471. The Court will therefore dismiss the case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because the dismissal is without prejudice, Plaintiff will have the opportunity to file a new complaint with a more sufficient statement of his claim(s).

Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed *in forma pauperis* [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [1] is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

**SO ORDERED**.

Dated: July 24, 2017

/s/Arthur J. Tarnow_____
Arthur J. Tarnow
Senior United States District Judge